IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**TERRY MOORE,**
**DOC #278427,**

    **Plaintiff,**

vs.                                **CASE NO. 4:05CV232-MMP/AK**

**M. REDD, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Jefferson Correctional Institution, submitted a civil rights complaint alleging difficulties with correctional staff in visiting the law library. (doc. 1). In response to the questions on the form complaint concerning previous lawsuits, Plaintiff answered that he did not have information on these cases. (Doc. 1, pp. 4-6). Plaintiff provided this same response in a previous case filed in this Court and was admonished for being untruthful. (Case No. 5:04CV145-LC-WCS, Doc. 16). In fact, Plaintiff has filed numerous cases in federal court and is currently on the Court's "three strikes" list. Plaintiff was specifically provided information on all of his previous filings and told to refer back to this list if he filed any future cases in federal

court. All of these cases were enumerated in the Court's previous Order, and will not be repeated herein. (See Doc. 16 in Case No. 5:04CV145, p.p. 2-3).

The Prison Litigation Reform Act of 1995 (PLRA), provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915:

> . . . if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The instant complaint has been reviewed and Plaintiff makes no allegations even closely approaching the "imminent danger" exception. *See* doc. 1.

Because Plaintiff has had at least three prior dismissals and is not under imminent danger of serious physical injury, he is not entitled to proceed *in forma pauperis*. Consequently, the Order granting IFP shall be vacated by separate Order. Furthermore, because Plaintiff did not pay the filing fee at the time he submitted this civil rights action, this case must be dismissed. The Eleventh Circuit Court of Appeals has clarified that the proper procedure in such a situation is not to give the inmate time in which to pay the fee, rather dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint. Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002). Thus, this case must be dismissed under 28 U.S.C. § 1915(g).

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED** under 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Gainesville, Florida, this **28th** day of July, 2005.

        s/ A. KORNBLUM
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.